**In re NORTH AMERICAN ROYALTIES, INC., Wheland Holding Company, Inc., Wheland Manufacturing Company, Inc., and Wheland Foundry, LLC., Debtors.**

No. 01–17271.

United States Bankruptcy Court, E.D. Tennessee, Southern Division.

April 29, 2002.

Neal Batson, Alston & Bird LLP, Atlanta, GA, Richard C. Kennedy, Kennedy, Koontz & Farinash, Chattanooga, TN, Matthew W. Levin, Jason H. Watson, Alston & Bird, Atlanta, GA, for debtors.

Lawrence R. Ahern, III, Nashville, TN, Jonathan B. Alter, Bingham Dana LLP, Hartford, CT, Bruce C. Bailey, Chambliss, Bahner & Stophel, P.C., Chattanooga, TN, Robert M. Bailey, Bailey, Roberts & Bailey, PLLC., Knoxville, TN, W. Wright Banks, Jr., Assistant Attorney General, Atlanta, GA, Christopher W. Barnes, Houston, TX, George E. Barrett, Barrett, Johnston & Parsley, Nashville, TN, Samuel C. Batsell, Washington, DC, Brian W. Bisignani, Duane Morris LLP, Harrisburg, PA, G. Rhea Bucy, Gullett, Sanford, Robinson & Martin, Nashville, TN, Judy B.

Calton, Honigman, Miller, Schwartz & Cohn LLP, Detroit, MI, Glenn R. Copeland, Chattanooga, TN, David R. Evans, Husch & Eppenberger, LLC, Chattanooga, TN, James A. Fields, Chattanooga, TN, Richard B. Gossett, Baker, Donelson Bearman & Caldwell, Chattanooga, TN, John Mark Griffin, Wofle & Griffin, Chattanooga, TN, Gina Baker Hantel, Nashville, TN, Jeffrey A. Ishbia, Ishbia & Gagleard, PC, Birmingham, MI, Richard P. Jahn, Jr., Chattanooga, TN, Terri James-Alexander, Birmingham, AL, Marie Antoinette Joiner, Nashville, TN, M. Randall Jurrens, Saginaw, MI, David R. Jury, Pittsburgh, PA, F. Scott LeRoy, Husch & Eppenberger, LLC, Chattanooga, TN, Lloyd A. Levitt, Chattanooga, TN, Allison Ulin Lynch, Chattanooga, TN, Shelley B. Marmon, Crady, Jewett & McCulley, L.L.P., Houston, TX, John R. Morgan, Chattanooga, TN, Heidi A. Naasko, Dykema Gossett PLLC, Detroit, MI, Harold L. North, Jr., Shumacker & Thompson, Chattanooga, TN, William L. Norton, III, Blount, Cummings, et al., Nashville, TN, Gregory M. O'Neal, Winchester, TN, James R. Paris, Mabee, Paris, Dreaden & Foreman, Chattanooga, TN, Michael Reed, McCreary, Veselka, Bragg & Allen, Austin, TX, Michael J. Reilly, Bingham Dana LLP, Hartfort, CT, Lori Gruver Robertson, Linebarger, Goggan Blair, Austin, TN, Donald L. Rose, Dykema Gossett PLLC, Detroit, MI, C. Ballard Scearce, Jr., Husch & Eppenberger, LLC, Chattanooga, TN, Alicia S. Schehr, Jaffe, Raitt, Heuer & Weiss, Detroit, MI, for creditors.

### *ORDER APPROVING CONTRACT TERMINATION AGREEMENT WITH UNITED STEEL WORKERS OF AMERICA (AFL–CIO–CLC)*

R. THOMAS STINNETT, Bankruptcy Judge.

The above-captioned debtors have filed a motion pursuant to § 1113 of the Bankruptcy Code for approval of a Contract Termination Agreement (as defined below) by and between North American Royalties, Inc. ("NAR"), and the United Steelworkers of America (AFL–CIO–CLC) (the "Union") related to NAR's Chattanooga Plants (as defined in the Motion).

Based upon the Motion, any objections and replies of record, the argument of counsel, and the court's Memorandum Opinion entered this date, the court finds that:

A. This is a core proceeding under 28 U.S.C. § 157(b);

B. In connection with the relief sought in the Motion and in accordance with § 1113 of the Bankruptcy Code, NAR and the Union have negotiated in good faith and have reached an agreement with respect to the terms and conditions of a termination agreement (the "Contract Termination Agreement") relative to NAR's Chattanooga Plants. A copy of the Contract Termination Agreement is attached to the Motion as Exhibit A.

C. Good cause exists for NAR to enter into the Contract Termination Agreement to resolve any and all disputes with the Union with respect to the collective bargaining agreement (the "CBA" as defined in the Motion).

D. Due notice of the Contract Termination Agreement has been given in accordance with the Bankruptcy Code and Rules, and no further notice need be given with respect to approval of the Contract Termination Agreement.

Accordingly, it is hereby

ORDERED that the Contract Termination Agreement is approved, pursuant to 11 U.S.C. § 1113 and other relevant provisions of the Bankruptcy Code;

It is FURTHER ORDERED that the court retains jurisdiction to resolve all disputes related to the CBA and the Contract Termination Agreement; and

It is FURTHER ORDERED that this order is immediately effective and is not stayed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure.